*495 MEMORANDUM BY THE COURT
It does not appear from the facts in this case that any contract was made with the plaintiff to pay the amount of the rent on the premises mentioned. The statements which Captain Brooks made to the effect that other contracts would be awarded to the plaintiff can not be taken as meaning anything more than expressions of opinion of Captain Brooks. He had no authority to award contracts and certainly had no authority to assure plaintiff that future contracts would be awarded. It would be a most unreasonable supposition to indulge that an officer charged with such duties as Captain Brooks would be vested -with authority to assure a contractor that contracts would be awarded to him in the indefinite future and thus impose an obligation upon the United States. The proof does not show any such authority, nor does it show any contract such as plaintiff claims. See Baltimore & Ohio R. R. Co. case, 57 C. Cls. 140, 150; 261 U. S. 592, 596; see also Jacob Reed's Sons, Inc., v. United States, ante, p. 97.